**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

|  |  |  |
|---|---|---|
| WILLIAM L. BOONE, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 16-cv-2185-JPM-dkv |
| TOWN OF COLLIERVILLE, | ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This action concerns Plaintiff William L. Boone's allegations against Defendant Town of Collierville ("Defendant" or "the Town") for violations of the First Amendment of the U.S. Constitution and the state Public Employee Political Freedom Act of 1980, Tenn. Code Ann. § 8-50-601, *et seq* ("PEPFA"). Boone, a former firefighter for Defendant, asserts that after Boone voiced concerns about favoritism within the fire department, he was charged with violating personnel policies and later terminated.

Before the Court is Defendant's Motion for Summary Judgment, filed January 31, 2017. (ECF No. 22.) Boone filed a timely response in opposition on March 3, 2017. (ECF No. 38.) For the reasons stated below, the Court GRANTS Defendant's Summary Judgment Motion as to Plaintiff's § 1983 First Amendment Retaliation claim. Accordingly, the Court DISMISSES Plaintiff's § 1983 First Amendment Retaliation claim with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. The Court, therefore, DISMISSES Plaintiff's state law claims without prejudice.

## I. BACKGROUND

Plaintiff Boone is a resident of Collierville, Tennessee and former firefighter for Defendant. (Compl., ECF No. 1 ¶¶ 1,3.) Boone was a firefighter for the Town from April 1984 until March 27, 2015 (id. ¶ 4), when he was terminated for violating an Anti-Bully Policy and for making false or malicious statements (id. ¶¶ 30-31).

Prior to Boone's termination, in 2004, Jerry Crawford became the chief of the Town's fire department. (Id. ¶¶ 6, 9.) In 2014, Boone began to believe Chief Crawford was showing favoritism towards employees who lived in Fayette County, Tennessee. (Id. ¶ 10.) That same year, Boone "communicated these concerns regarding Chief Crawford and the fire department to members of the Town of Collierville's Board of Mayor and Alderman, including Tom Allen ('Alderman Allen') and Alderman Billy Patton ('Alderman Patton')." (Id. ¶ 12.)

Alderman Allen relayed these concerns to the Town Administrator, James Lewellen, who investigated the complaints. (Id. ¶ 14.) As part of that investigation, Lewellen interviewed Boone. (Id. ¶¶ 17, 18.) After concluding his investigation, Lewellen referred the matter of Plaintiff's conduct, as uncovered during the investigation, to the Town's Human Resources Director, Jay Jeffries, to determine whether a statement of charges should be issued. (Id. ¶ 23.)

On March 20, 2015, Jeffries provided Boone notice of charges to be finalized at a future hearing. (Id. ¶ 23.) A hearing took place on March 23, 2015. (Id. ¶ 28.) On March 27, 2015, Boone received a letter from Jeffries that recommended Boone's termination based on Boone violating an Anti-Bully Policy and for making false or malicious statements. (Id. ¶¶ 29-32.) The same day, Boone received a letter from Chief Crawford accepting Jeffries's

recommendation for Boone's termination.  (Id. ¶ 33.)  Boone subsequently appealed his

termination, but it was reaffirmed by Lewellen.  (Id. ¶¶ 34-35.)

On March 25, 2016, Boone filed a Complaint in this Court.  (ECF No. 1.)  The

Complaint alleges three causes of action: (1) the Town's termination of Boone's employment

constitutes "unlawful retaliation in violation of his constitutional rights to free speech,

pursuant to 42 U.S.C. § 1983" (id. ¶ 46); (2) the Town's actions "constitute unlawful

discrimination in violation of the Public Employee Political Freedom Act of 1980, Tenn. Code

Ann. § 8-50-601, *et seq*." (id. ¶ 47); and (3) the Town's actions amounted to intentional

infliction of emotional distress (see id. ¶¶ 48-49).  Boone seeks back pay, front pay, lost

benefits, compensatory and punitive damages, other costs, and treble damages.  (Id. at

PageIDs 7-8.)  On May 20, 2016, the Town filed its Answer.  (ECF No. 12.)

On January 31, 2017, the Town filed a Motion for Summary Judgment.  (ECF No. 22.)

The Town's Motion for Summary Judgment, in summary, contends that

> Plaintiff's Section 1983 claim that he was discharged for speaking out on
> matters of public concern fails as a matter of law for several reasons.  First,
> Plaintiff has not alleged or established that his termination was the result of
> municipal custom or policy.  Second, Plaintiff did not speak out on matters of
> public concern.  Third, even if Plaintiff did speak out on issues of public
> concern, he fails to show that his right to speak outweighs the interest of the
> Town, as an employer, in promoting the efficiency of the public services it
> performs through its employees. With respect to Plaintiff's State Law claim[s],
> upon dismissal of Plaintiff's federal claim, his [state law claims] should be
> dismissed without prejudice.

(Id. at PageID 74.)  On March 3, 2017, Boone filed his timely response in opposition.  (ECF

No. 38.)  Defendant filed its reply on March 10, 2017, per the Court's Order Expediting

Defendant's Motion for Summary Judgment Reply Deadline.  (See ECF Nos. 50, 54.)

## II.      LEGAL STANDARD

### A.      Motion for Summary Judgment

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A fact is 'material' for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." Bruederle v. Louisville Metro Gov't, 687 F.3d 771, 776 (6th Cir. 2012).

"In considering a motion for summary judgment, [the] court construes all reasonable inferences in favor of the nonmoving party."  Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact."  Mosholder v. Barnhardt, 679 F.3d 443, 448 (6th Cir. 2012) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

"Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact."  Mosholder, 679 F.3d at 448-49; see also Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.  "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper."  Martinez v. Cracker Barrel Old Country Store, Inc., 703 F.3d 911, 914 (6th Cir. 2013) (quoting Chapman v. UAW Local 1005, 670 F.3d 677, 680 (6th Cir. 2012) (en banc)); see also Kalich v. AT & T Mobility, LLC, 679 F.3d 464, 469 (6th Cir. 2012).

In order to "show that a fact is, or is not, genuinely disputed," both parties must do so by "citing to particular parts of materials in the record," "showing that the materials cited do

not establish the absence or presence of a genuine dispute," or showing "that an adverse party cannot produce admissible evidence to support the fact."  Bruederle, 687 F.3d at 776 (alterations in original) (quoting Fed. R. Civ. P. 56(c)(1)); see also Mosholder, 679 F.3d at 448 ("To support its motion, the moving party may show 'that there is an absence of evidence to support the nonmoving party's case.'" (quoting Celotex Corp., 477 U.S. at 325)).  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]"  Martinez, 703 F.3d at 914 (alteration in original) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).

"The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).  "[T]he district court has no 'duty to search the entire record to establish that it is bereft of a genuine issue of material fact.'"  Pharos Capital Partners, L.P. v. Deloitte & Touche, 535 F. App'x 522, 523 (6th Cir. 2013) (per curiam) (quoting Tucker v. Tennessee, 539 F.3d 526, 531 (6th Cir. 2008), abrogation recognized by Anderson v. City of Blue Ash, 798 F.3d 338 (6th Cir. 2015)).  "'[J]udges are not like pigs, hunting for truffles' that might be buried in the record."  Emerson v. Novartis Pharm. Corp., 446 F. App'x 733, 736 (6th Cir. 2011) (alteration in original) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)).

The decisive "question is whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  Johnson v. Memphis Light Gas & Water Div., 777 F.3d 838, 843 (6th Cir. 2015) (quoting Anderson, 477 U.S. at 251–52).  Summary judgment "'shall be entered' against the nonmoving party unless affidavits or other evidence 'set forth specific facts showing that there is a genuine issue for trial.'"  Rachells v. Cingular Wireless Employee

5

Services, LLC, No. 1:08CV02815, 2012 WL 3648835, at *2 (N.D. Ohio Aug. 23, 2012) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888889, 110 S.Ct. 3177, 111 L.Ed.2d 695). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient to defeat summary judgment; rather, the non-moving party must present evidence upon which a reasonable jury could find in her favor." Tingle v. Arbors at Hilliard, 692 F.3d 523, 529 (6th Cir. 2012) (quoting Anderson, 477 U.S. at 251). "[I]n order to withstand a motion for summary judgment, the party opposing the motion must present "affirmative evidence" to support his/her position." Mitchell v. Toledo Hosp., 964 F.2d 577, 584 (6th Cir. 1992) (citing Anderson v. Liberty Lobby, 106 S.Ct. 2505, 2510, 2514 (1986); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989)). "[C]onclusory assertions, unsupported by specific facts made in affidavits opposing a motion for summary judgment, are not sufficient to defeat a motion for summary judgment." Rachells, 2012 WL 3648835, at *2 (quoting Thomas v. Christ Hosp. and Med. Ctr., 328 F.3d 890, 894 (7th Cir.2003)). Statements contained in an affidavit that are "nothing more than rumors, conclusory allegations and subjective beliefs" are insufficient. Mitchell, 964 F.2d at 584-85.

## III.   DISCUSSION

### A.   Whether the Town of Collierville Is Liable for the Actions of Its Agents

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).  Thus, the plaintiff's injury must flow from the execution of the municipality's policy or custom. Garner v. Memphis Police Dep't, 8 F.3d 358, 361, 363–64 (6th Cir. 1993).  "But policy or custom does not have to be written law; it

can be created 'by those whose edicts or acts may fairly be said to represent official policy.'"

Paige v. Coyner, 614 F.3d 273, 284 (6th Cir. 2010) (quoting Monell, 436 U.S. at 694, 98 S.Ct.

2018 & citing Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986)).

> A municipality can also be held liable for a single decision by a policymaker if
> the official is the one who has the final authority to establish municipal policy
> with respect to the action ordered. Similarly, a municipality can be liable for a
> decision made by a subordinate if the decision was ratified by a final
> policymaker. However, mere acquiescence in a single discretionary decision
> by a subordinate is not sufficient to show ratification.

Arnold v. City of Columbus, 515 F. App'x 524, 538 (6th Cir. 2013) (internal citations and

quotation marks omitted) (quoting Feliciano v. City of Cleveland, 988 F.2d 649, 655 (6th Cir.

1993)).

Defendant argues that the § 1983 claims against it must be dismissed because

"Plaintiff has failed to allege, much less to 'identify a municipal 'policy' or 'custom' that

caused [his] injury. . . .'"  (ECF No. 22-19 at PageID 294 (quoting Bd. of County Comm'rs of

Bryan County v. Brown, 520 U.S. 397, 403 (1997).)  Plaintiff contends that "his termination

meets the 'policy or custom' requirement, because it was a decision made by and

subsequently reviewed by a municipal policymaker of the Town of Collierville."  (ECF No.

38 at PageID 369.)  Specifically, Plaintiff asserts that the Town Administrator, Lewellen, has

final authority to establish personnel policies and decisions as to town employees, and has

"final decision making authority regarding the suspense without pay, demotion, or termination

of a Town employee" because he is the determinative, appealing body.  (Id. at PageID 370 &

ns. 1-3 (citing Charter of the Town of Collierville arts. VIII, § 8.07 & V, § 5.02; Collierville

Personnel Policies and Procedures Manual §  2.05).)

In the instant case, Plaintiff alleges that his injury is an unlawful retaliatory termination. (ECF No. 1.) For Defendant to be liable, Plaintiff's injury must flow from the execution of the municipality's policy or custom. Garner v. Memphis Police Dep't, 8 F.3d 358, 361, 363–64 (6th Cir. 1993). The Court finds that Plaintiff has satisfied this burden, or, at a minimum, there still exists a genuine dispute as to material fact.

In the instant case, it is undisputed that James Lewellen was the Town Administrator during the relevant timeframe. (See ECF Nos. 22-18 ¶ 11; 38-15 ¶ 11.) It is also undisputed that "Plaintiff appealed his termination to the Town Administrator" and that later "the decision to terminate [Plaintiff's] employment was reaffirmed" by the Town Administrator. (ECF No. 22-18 ¶¶ 74-75; see also ECF No. 38-15 ¶¶ 74-75.) The Court agrees with Plaintiff that this final, appellate decision making power renders the Town Administrator "the final authority to establish municipal policy with respect to" Plaintiff's termination, which, in turn, imposes liability onto the municipality. Arnold v. City of Columbus, 515 F. App'x 524, 538 (6th Cir. 2013). The Court, therefore, finds Plaintiff has established for summary judgment purposes a municipal policy or custom as the cause of his injury, and DENIES Defendant's Motion for Summary Judgment for Plaintiff's § 1983 claims on this basis.

## B.      Plaintiff's First Amendment Retaliation Claims

In this Circuit, "retaliation under color of law for the exercise of First Amendment rights is unconstitutional. . . ." Zilich v. Longo, 34 F.3d 359, 365 (6th Cir.1994), cert. denied, 514 U.S. 1036 (1995). "[P]ublic employers may not condition employment on the relinquishment of constitutional rights." Lane v. Franks, ––– U.S. ––––, 134 S.Ct. 2369, 2377 (2014); see also Holbrook v. Dumas, 658 Fed.Appx. 280, 282–83 (6th Cir. 2016) (holding same). On the other hand, "[g]overnment employers, like private employers, need a

significant degree of control over their employees' words and actions; without it, there would

be little chance for the efficient provision of public services." Lane, 134 S.Ct. at 2377.  The

First Amendment "does not empower [public employees] to constitutionalize the employee

grievance."  Holbrook, 658 Fed.Appx. at 283 (quoting Garcetti v. Ceballos, 547 U.S. 410, 420

(2006)) (internal quotation marks omitted).

A plaintiff may bring a First Amendment retaliation claim under 42 U.S.C. § 1983.

See, e.g., Valot v. Southeast Local Sch. Dist. Bd. of Educ., 107 F.3d 1220, 1226 (6th

Cir.1997), cert. denied, 522 U.S. 861 (1997).  A claim of retaliation under § 1983 requires

proof of three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action

was taken against the plaintiff that would deter a person of ordinary firmness from continuing

to engage in that conduct; and (3) the adverse action was motivated at least in part by the

plaintiff's protected conduct."  Bickerstaff v. Lucarelli, 830 F.3d 388, 399 (6th Cir. 2016)

(alteration omitted).  For the reasons stated below, the Court finds that Plaintiffs fails to

satisfy the first element.

## C. Plaintiff Did Not Engaged in Constitutionally Protected Speech

Whether an employee's speech is protected is a question of law decided by the Court.

Rankin v. McPherson, 483 U.S. 378, 386, 107 S. Ct. 2891, 2898, 97 L. Ed. 2d 315 (1987)

("The ultimate issue—whether the speech is protected—is a question of law.").

> [T]o prove [the] first prima facie element—that his speech was constitutionally
> protected—a public employee must establish that (1) he was speaking as a
> private citizen, rather than pursuant to his official duties, (2) his speech
> involved a matter of public concern, and (3) his interest as a citizen in
> commenting on the matter outweighed the interest of the [government], as an
> employer, in promoting the efficiency of the public services it performs
> through its employees.

Westmoreland v. Sutherland, 662 F.3d 714, 718–19 (6th Cir. 2011) (internal citations and quotation marks omitted).  The first two elements are "threshold" questions which, if answered in the affirmative, lead to the balancing test articulated in the third.  Miller v. City of Canton, 319 Fed.Appx. 411, 416 (6th Cir. 2009).

### 1.	Whether Plaintiff Spoke in His Official Capacity

"The First Amendment does not insulate a public employee from employer discipline when the employee makes a statement pursuant to his official duties."  Dibrito v. City of St. Joseph, No. 16-1357, 2017 WL 129033, at *3 (6th Cir. Jan. 13, 2017).  "'[S]peech that an employee made in furtherance of the ordinary responsibilities of his employment'" rather than as a private citizen is not protected under the First Amendment.  Id. at *3-4 (quoting Boulton v. Swanson, 795 F.3d 526, 534 (6th Cir. 2015)).

Defendant contends that Plaintiff's statements amount to "[i]nternal personnel disputes or complaints about an employer's performance [that] are not protected."  (ECF No. 22-19 at PageID 301.)  It is unclear, however, whether Defendant expressly argues Plaintiff made any of his comments pursuant to his official duties.  Plaintiff directly contends that he "did not discuss these issues with the Aldermen pursuant to any task that was within the scope of his official duties."  (ECF No. 38 at PageID 373.)  Plaintiff further asserts that his position did not require him to have these discussions with the Aldermen, nor did the Aldermen have authority to make decisions regarding matters within the Collierville Fire Department.  (Id.)  Defendant has not provided nor pointed to any evidence that would counter Plaintiff's assertion.  Thus, the Court finds a genuine dispute of material fact remains as to whether Plaintiff's statements were made pursuant to his official duties.  Assuming Plaintiff spoke as a private citizen, the Court turns to the next sub-element.

**2.      Whether Plaintiff's Speech Involved a Matter of Public Concern**

"Even if an employee speaks as a private citizen, the speech is not protected unless it relates to a matter of public concern." Dibrito, No. 16-1357, 2017 WL 129033, at *4. "The inquiry into whether Plaintiff's speech is entitled to protection under the First Amendment as addressing a matter of public concern is a question of law for the court to decide." Bonnell v. Lorenzo, 241 F.3d 800, 809–10 (6th Cir. 2001)

"In general, a matter of public concern is a matter of political, social, or other concern to the community.  Courts must distinguish matters of public concern from internal office politics.  Courts are to consider the content, form, and context of the statement in light of the record." Dibrito, No. 16-1357, 2017 WL 129033, at *4 (internal citations and quotation marks omitted).  Matters of public concern involve "corruption and misuse of public funds, failure to follow state law, major state policy decisions, or discrimination of some form" and not "mere assertions of incompetence and poor management decision-making to be run-of-the-mill employment disputes—particularly when the recommended course of action would benefit the employee." Id. (internal quotation marks omitted) (quoting Boulton v. Swanson, 795 F.3d 526, 532 (6th Cir. 2015)).  Courts have also found that discriminatory promotional schemes constitute matters of public concern. See, e.g., Zerman v. City of Strongsville, Ohio, No. 1:04CV2493, 2006 WL 2812173, at *23 (N.D. Ohio Sept. 28, 2006) (finding plaintiff's charge relating to general promotional procedure at fire department implicated matters of public concern), aff'd, 259 F. App'x 723 (6th Cir. 2008); Wyckoff v. Maryland, 522 F. Supp. 2d 730, 738 (D. Md. 2007) (finding informal discriminatory promotional process within police department constituted matter of public concern); cf. Alexander v. Eeds, 392 F.3d 138, 143 (5th Cir. 2004); Zamboni v. Stamler, 847 F.2d 73, 77 (3d Cir. 1988), declined to follow

on other grounds, Gillis v. Miller, 845 F.3d 677, 686 (6th Cir. 2017); Fagbemi v. City of Chicago, No. 08 C 3736, 2010 WL 1193809, at *13 (N.D. Ill. Mar. 19, 2010). But see Armiger v. S. Trail Fire Prot. & Rescue Serv. Dist., No. 2:13-CV-825-FTM-38CM, 2014 WL 4402073, at *8 (M.D. Fla. Sept. 4, 2014) (holding "matters involving promotion guidelines . . . are not matters of public concern").

In the instant case, Defendant contends that "Plaintiff's comments voicing his disagreement with Chief Crawford's decision to base promotions upon test results, rather than seniority" and "with the decision to use a promotion list that would remain in effect for three years do not involve matters of public concern. . . ." (ECF No. 22-19 at PageID 301.) Defendant further contends that Plaintiff's comments to fellow firefighters about his dislike of test-based rather than seniority-based promotions and "Chief Crawford's management style" also did not amount to "a citizen speaking on a matter of public concern." (Id. at PageID 302; see also ECF No. 22-1 at PageID 93 ("I think the test was unfair. . . .") Defendant argues that even if these comments concerned matter of public concern, Plaintiff's "speech does not constitute protected speech because . . . its impetus is clearly rooted in Plaintiff's personal frustration with the fact that he and his friend(s) were not promoted and would not be promoted for at least three more years." (Id. at PageID 303.)

Plaintiff contends "the content of [his speech] can be 'fairly considered' as relating to matters of concern to the community of the Town of Collierville." (ECF No. 38 at PageID 373.) Plaintiff also asserts that he "spoke to Alderman Allen, Alderman Patton, and others about perceived favoritism and unfairness in the CFD, with employees from Fayette County receiving preferential" promotions. (Id.) Plaintiff further argues that this "issue of favoritism . . . would undoubtedly be of concern to the community [because] the Town's own personnel

12

policies, in regard to applicants and applications, require that preference is given to" Collierville residents "when all other factors are equal." (Id. at PageID 374; see also ECF No. 38-12 at PageID 590 ("In cases in which all factors, including test scores, are equal, it shall be the policy of the Town of Collierville to give preference to residents of the Town of Collierville.").) Plaintiff's comments, therefore, "concern[ed] that the CFD was doing the exact opposite of what the policy required by giving preference to residents of Fayette County." (ECF No. 38 at PageID 374) Plaintiff further contends that Defendant's argument that Plaintiff stood to benefit from making his comments is misplaced because "[t]he primary focus should be the content of Plaintiff's speech rather than Plaintiff's intent in engaging in the speech." (Id. at PageID 375.) Moreover, Plaintiff argues "Defendant fails to cite any evidence . . . to support the assertion that Plaintiff was motivated by his personal interest or stood to benefit from his communicating to the Alderman in any way." (Id.)

The Court finds there is no genuine dispute of material fact as to whether Plaintiff's speech involves matters of public concern. It is undisputed that Plaintiff's comments concerned whether the Collierville Fire Department Chief inappropriately favored Fayette County residents. (See ECF Nos. 22-19 at PageID 303 ("Plaintiff does not allege an unlawful conduct on the part of Chief Crawford, merely that he allegedly 'favors' persons from Fayette County."); 38 at PageID 373 ("Plaintiff spoke . . . about perceived favoritism and unfairness in the CFD, with employees from Fayette County receiving preferential treatment . . .").) The Court finds that Plaintiff's speech implicates "discrimination of some form," favoring Fayette County residents over Town of Collierville residents, which renders it a matter of public concern for citizens of the Town of Collierville. Dibrito, No. 16-1357, 2017 WL 129033, at *4.

The Court also joins the general, judicial consensus that promotional schemes that either improperly discriminate or favor particular groups of individuals constitute a matter of public concern. For example, the instant action is similar to Zerman v. City of Strongsville, Ohio, No. 1:04CV2493, 2006 WL 2812173, at *23 (N.D. Ohio Sept. 28, 2006), where the district court held the plaintiffs' speech implicated matters of public concern because it challenged "the general promotional procedure" and "address[ed] matters of illegal discrimination." (Id.) Similarly, in the instant case, Plaintiff's speech implicates matters of public concern because it challenges the Defendant's general promotional procedure, specifically addressing the possibility that Fayette County residents received improper preferential treatment. Also, similar to the plaintiff's speech in Wyckoff v. Maryland, 522 F. Supp. 2d 730, 738 (D. Md. 2007) that implicated matters of public concern because it challenged an informal discriminatory promotion process, here Plaintiff's speech implicates matters of public concern because it challenged an informal discriminatory promotion process that favored Fayette County residents. Moreover, even if "aspects of Plaintiff's speech involve matters of personal interest where he is speaking regarding a personal grievance as an employee, his speech also involves matters of public interest such that Plaintiff is speaking as a concerned citizen," specifically that there is an improper informal promotional policy within the Fire Department. Bonnell, 241 F.3d at 812.

The Court, therefore, finds there is no genuine dispute of material fact as to whether the Collierville Fire Department informal promotion scheme favored Fayette County residents is a matter of public concern. Having found Plaintiff's speech involved a matter of public concern, the Court turns to whether Plaintiff's interests outweigh Defendant's interests.

### 3. Whether Plaintiff's Interests as a Citizen Outweighed Defendant's Interests

"The inquiry into whether Plaintiff's interests in speaking outweigh the [Defendant's] interests in regulating Plaintiff's speech is a factual [inquiry] conducted under the well known Pickering balancing test.  If Plaintiff's interests in the prohibited speech outweigh the [Defendant's] interests, then Plaintiff's First Amendment rights have been violated."  Bonnell, 241 F.3d at 810 (internal citations omitted) (citing Pickering, 391 U.S. at 568, 88 S.Ct. 1731 & Dambrot v. Cent. Mich. Univ., 55 F.3d 1177, 1186 (6th Cir.1995)).  The ultimate "[a]pplication of the Pickering balancing test is a matter of law for the court to decide."  Gillis v. Miller, 845 F.3d 677, 684 (6th Cir. 2017).

> In order to justify a restriction on speech of public concern by a public employee, plaintiff's speech must impair discipline by superiors, have a detrimental impact on close working relationships, undermine a legitimate goal or mission of the employer, impede the performance of the speaker's duties, or impair harmony among co-workers.  The [government] bears the burden of showing a legitimate justification for discipline.

Akridge v. Wilkinson, 178 F. App'x 474, 479–80 (6th Cir. 2006) (quoting Meyers v. City of Cincinnati, 934 F.2d 726, 730 (6th Cir. 1991)); see also Gillis v. Miller, 845 F.3d 677, 684 (6th Cir. 2017).  In the context of a fire department, speech that "undermine[s] the trust and harmony among colleagues that is especially important for firefighters" may justify discipline.  Stinebaugh v. City of Wapakoneta, 630 F. App'x 522, 533 (6th Cir. 2015) (Rogers, J., dissenting); see also .Fitzpatrick v. City of Frankfort, No. CIV.A. 06-38, 2007 WL 2900454, at *14 (E.D. Ky. Oct. 3, 2007), aff'd, 305 F. App'x 258 (6th Cir. 2008).

"[A] public employer need not show actual disruption of the public agency in all cases in order to prevail under the Pickering balancing test."  Gillis, 845 F.3d at 687.  If the public "employer does not offer such evidence, [the court] must assess whether the employer could

reasonably predict that the employee speech would cause disruption in light of the manner, time and place the speech was uttered, as well as the context in which the dispute arose." Gillis, 845 F.3d at 687 (internal citation and quotation marks omitted).

Defendant argues that Plaintiff's comments could conceivably "disrupt the Department, undermine the authority of the Fire Chief and Assistant Fire Chief, and destroy close working relationships." (ECF No. 22-19 at PageIDs 305-06.) Defendant specifically contends that Plaintiff's comments to subordinates, that they were promoted because they were from Fayette County, were "offensive," "insulting and demeaning." (Id. at PageID 304.) Defendant also argues that Plaintiff's comments that promotional examinations were improperly changed or thrown out were made with reckless disregard to their truth. (Id.)[1] Some Collierville Fire Department employees, Defendant asserts, disliked Plaintiff's comments, and either no longer spoke with Plaintiff or no longer wished to work with Plaintiff as a result. (Id.; see also ECF Nos. 22-11 ¶¶ 17-18; 22-10 ¶¶ 8-9; 22-16 ¶ 9.)

The Court finds that there is a significant need for employee loyalty and workplace harmony in a working environment where lives may be at stake, such as the Fire Department. In such situations, a government superior is not required to "tolerate action which he reasonably believed would disrupt the office, undermine his authority, and destroy close working relationships." Connick, 461 U.S. at 154. Plaintiff's comments, while involving matters of public concern, impaired harmony and trust within the Fire Department and could reasonably disrupt the department. (ECF Nos. 22-11 ¶¶ 17-18; 22-10 ¶¶ 8-9; 22-16 ¶ 9.) For

---

[1] "Pickering balancing is not required if it is determined that the employee made statements with knowledge of, or reckless indifference to, their falsity." Westmoreland v. Sutherland, 662 F.3d 714, 721 (6th Cir. 2011). "It is the defendant['s] burden to establish the plaintiff knew or was recklessly indifferent to the fact that his speech was false"; the plaintiff "is not required to prove the truth of his speech in order to secure the protections of the First Amendment." Id. (internal citations and quotation marks omitted) (quoting Chappel v. Montgomery Cnty. Fire Prot., 131 F.3d 564, 576 (6th Cir. 1997)).

example, Firefighter-Paramedic R. Clay McLain testified that "[he] had requested a transfer to get away from Lt. Boone" and that "other Fire Department employees . . . did not want to work with Lt. Boone because of this negative comments and attempts to 'stir the pot' by spreading rumors." (ECF No. 22-11 ¶¶ 17-18.)  Firefighter Justin J. Baker testified that Plaintiff's comments regarding preferential treatment of Fayette County residents "made [Baker] feel that [he] was not welcome and did not deserve to be a member of the Collierville Fire Department." (ECF No. 22-14 ¶¶ 7-8.)  Lieutenant Gregory A. Robertson testified that he stopped speaking with Plaintiff after "[Plaintiff] and [Robertson] had it out when Lt. Boone told [Robertson] that he thought that [Robertson] did not deserve [his] promotion, and that the promotion process and the promotion list should be thrown out." (ECF No. 22-12 ¶ 8.)  Similar complaints against Plaintiff had previously reached Assistant Fire Chief Thomas J. Kelley, who testified that in 2014 he became aware "that Lt. Boone was making negative comments to subordinates regarding [promotions] . . . that were disruptive and upsetting to firefighters." (ECF No. 22-9 ¶ 10.)   Plaintiff presents no evidence to counter these complaints.[2]  The Court finds that the complaints described in the affidavits establish that Plaintiff's comments negatively impacted the trust and morale in the work place and caused disruption among firefighters.

---

[2] On March 8, 2017, the Court held a telephonic motion hearing on Defendant's Motion for Summary Judgment. (Min. Entry, ECF No. 51.)  During the hearing, Plaintiff's counsel argued that the fire department employees, who supplied affidavits detailing the negative impact of Plaintiff's comments, would testify differently at trial. (Hr'g Tr., ECF No. 53 at PageIDs 804:20-25 – 805:1-20.)  The Court declines to entertain this argument for three reasons.  First, unsubstantiated attorney argument is not evidence. Duha v. Agrium, Inc., 448 F.3d 867, 879 (6th Cir. 2006).  Second, no evidence in the record before the Court casts doubt on the statements made in these affidavits.  Defendant filed thirteen affidavits supporting its argument that Plaintiff made comments concerning the promotional scheme and those comments negatively impacted co-workers. (ECF Nos. 22-4 – 22-17.)  Plaintiff filed no affidavits in his response, but portions of seven depositions.  None of these depositions, however, directly countered the negative impact of Plaintiff's comments within the Fire Department.  Third, neither party disputes that Plaintiff made "negative comments regarding the promotion process. . . ." (See Hr'g Tr., ECF No. 53 at PageID 809:19-24.)

The trust and harmony essential to the relationships among firefighters requires employers to have a means of reprimanding a lieutenant who repeatedly criticizes those in command, belittles fellow firefighters, and circumvents the chain of command to criticize a perceived favoritism regarding promotions within the Fire Department. In short, the Fire Department's interests outweigh Plaintiff's in this case. The Court, therefore, finds that there is no genuine dispute of material fact as to whether the Town of Collierville's interests outweigh Plaintiff's.

Having found there is no genuine dispute of material fact as to whether the Town of Collierville's interests outweigh Plaintiff's, Plaintiff's First Amendment Retaliation claim fails. The Court need not consider the final two elements of the analysis. The Court GRANTS Defendant's Motion for Summary Judgment as to Plaintiff's § 1983 First Amendment Retaliation claim. Plaintiff's § 1983 First Amendment Retaliation claim is DISMISSED with prejudice.

### D.  Plaintiff's State Law Claims Are Dismissed Without Prejudice

The Court now turns to whether it should exercise Supplemental Jurisdiction over Plaintiff's remaining state law claims, despite granting Defendant's Motion for Summary Judgment as to Plaintiff's § 1983 First Amendment Retaliation claim. Plaintiff brings two state law claims: (1) unlawful discrimination in violation of the Public Employee Political Freedom Act of 1980, Tenn. Code Ann. § 8-50-601, *et seq*. (ECF No. 1 ¶ 47), and (2) intentional infliction of emotional distress (see id. ¶¶ 48-49). The Court exercised jurisdiction over these claims solely by virtue of supplemental jurisdiction. (Id. ¶ 3.)

Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. See Landefeld v. Marion Gen. Hosp., Inc., 994 F.2d 1178, 1182 (6th Cir. 1993); Pyles v. Raisor, 60 F.3d 1211, 1215 (6th Cir. 1995); Sweeton v. Brown, 27 F.3d 1162, 1166 (6th Cir. 1994); Runkle v. Fleming, 435 Fed.Appx. 483, 486 (6th Cir. 2011) ("[W]hen, as here, 'all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.' ") (quoting Musson Theatrical, Inc. v. Fed. Express Corp., 89 F.3d 1244, 1254-55 (6th Cir. 1996)).

Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims when the federal claim upon which the state claims derive jurisdiction is dismissed prior to trial. The Court, therefore, DISMISSES Plaintiff's state law claims without prejudice.

## IV.     CONCLUSION

For the reasons stated above, the Court finds that although Plaintiff's speech implicated matters of public concern, his interests did not outweigh the Defendant's. The Court, therefore, GRANTS Defendant's Summary Judgment Motion as to Plaintiff's § 1983 First Amendment Retaliation claim. The Court further declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. The Court, therefore, DISMISSES Plaintiff's § 1983 First Amendment Retaliation claim with prejudice and Plaintiff's state law claims without prejudice.

**IT IS SO ORDERED**, this 13th day of March, 2017.

    /s/ Jon P. McCalla

JON P. McCALLA
UNITED STATES DISTRICT COURT JUDGE